J-S45015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PHILLIP BRANDEN ROBINSON, JR., | |
| Appellee | No. 2116 MDA 2014 |

Appeal from the Order Entered November 10, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005437-2013

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                 **FILED DECEMBER 22, 2015**

The Commonwealth of Pennsylvania appeals from the November 10, 2014 order that dismissed the criminal charges against Phillip Branden Robinson, Jr., pursuant to Pa.R.Crim.P. 600.  In a prior memorandum, we disposed of one aspect of the Commonwealth's argument and remanded the case for the trial court to prepare a revised trial court opinion that addressed the Commonwealth's remaining claim.  The trial court has filed its opinion, and we now examine the merits of the Commonwealth's challenge to the

_____
* Former Justice specially assigned to the Superior Court.

trial court's speedy-trial determination pursuant to Rule 600.[1]  We reverse

and remand.

In our prior memorandum, we outlined the facts and relevant

procedural history as follows.

> At approximately 5:00 p.m. on April 30, 2013, the West Manchester Township Police Department conducted an undercover operation in the parking lot of an Ollie's Bargain Outlet department store in West Manchester.  During the sting, then-Police Officer, now-District Justice,[1] Jeffrey Oberdorf observed Robinson and Moses Jerome Autry deliver cocaine to a confidential informant ("CI") in exchange for pre-recorded buy money.  Robinson was operating the vehicle used to deliver the cocaine.  He was also transporting a five-year-old child who was seated in the rear of the vehicle.  The drug transaction occurred while Robinson, Autry, and the child were in the vehicle with the CI.
>
> After the transaction, the CI immediately relinquished the cocaine to police, who stopped Robinson's vehicle as it attempted to leave the parking lot.  A check of Robinson's Pennsylvania driver's license revealed that his driving privileges had been suspended.  Field tests on the suspected contraband revealed the presence of cocaine, and the officers sent the substance to the Pennsylvania State Police laboratory for additional testing.
>
> Robinson was arrested immediately and charged with criminal conspiracy to deliver a controlled substance, possession with intent to deliver a controlled substance, driving while operating privilege is suspended, and endangering the welfare of children.  The preliminary hearing was initially scheduled on May 10, 2013; however, the presiding magistrate postponed the hearing to June 11, 2013.  The Commonwealth's primary

---

[1] As the trial judge who granted Appellant's Rule 600 motion for discharge has since left the bench, the case was reassigned during remand to the Honorable Harry M. Ness.

witness, Officer Oberdorf, was not available on that date due to training relating to his pending installation as a Magisterial District Justice. Accordingly, the hearing was continued again until July 2, 2013. Unfortunately, Robinson was not ready to proceed on that date so a twenty-seven-day continuance was granted until July 29, 2013.

The preliminary hearing occurred on July 29, 2013, and the case was held over for court. On August 5, 2013, the Commonwealth issued an arrest warrant for Robinson's codefendant, Moses Autry, and on August 19, 2013, notice was entered that the two cases would be consolidated for trial pursuant to Pa.R.Crim.P. 582. However, Autry fled the jurisdiction, and on August 24, 2013, the arrest warrant was converted to a fugitive warrant. At an ensuing pretrial conference, Robinson's attorney stated that Robinson did not object to the continued delay pending Autry's apprehension "as long as any delay . . . is attributed to the Commonwealth[.]" N.T., 10/30/13, at 3. The trial court responded, "All right, then we'll deal with who takes what time at a later date." *Id*.

Autry remained a fugitive until February 12, 2014. As neither party had sought to sever the cases in the interim, Autry's flight resulted in 191 days of delay for the purposes of determining the Commonwealth's compliance with Rule 600. The certified record does not disclose whether the Commonwealth advised Robinson of Autry's apprehension before April 2014, but, for various reasons, Appellant's case remained on the trial docket until September 8, 2014, a total of 208 additional days of delay.[2]

On September 2, 2014, Robinson filed a motion to dismiss the criminal charges under Rule 600. On September 8, 2014, the date scheduled for trial, the trial court held oral argument regarding Robinson's motion. The focus of the discussion was whether the 191-day delay caused by Autry's flight should be attributed to the Commonwealth. The trial court did not render a decision at the close of argument. Instead, it provided Robinson additional time to file a memorandum and present case law to support his position that the delay should be included in the Rule 600 computation. Robinson failed to file a memorandum as part of the certified record.[3] Nevertheless, on November 10, 2014, the trial court entered the above–

referenced order granting Robinson's Rule 600 motion and discharging the criminal charges. The Commonwealth timely filed the instant appeal.

_____

[1] We refer to the witness as Officer Oberdorf herein.

[2] Five of the 208 days are excludable delay and twenty-nine days were potentially excusable delay as a result of Officer Oberdorf's unavailability to testify due to his obligations to the magisterial district court. On June 17, 2014, Autry pled guilty to the only criminal charge leveled against him under the consolidated criminal action number, one count of possession with intent to deliver. Robinson's case was not called for trial until nearly three months later.

[3] In his brief, Robinson asserts that he submitted a memorandum to the trial court via e-mail, with a copy to the prosecuting attorney, on September 19, 2014. Robinson appended to his brief a copy of the e-mail but omitted the three exhibits that were referenced therein. While the Commonwealth neither concedes nor contests that it received Robinson's e-mail, it highlights that, since the document was not filed with the trial court, it is not included in the record certified for appellate review.

*Commonwealth v. Robinson*, __ A.3d__, 2015 WL 6467725 (Pa.Super. 2015) (unpublished memorandum at 1-5).

On appeal, the Commonwealth presents the following issues for our review:

I. The trial court erred in granting the defendant's Rule 600 motion based on the record and the history of the case in light of the trial court's lack of fact finding.

II. The trial court erred by failing to include a contemporaneous statement of finding of fact with its order, or subsequently in its 1925(a) opinion.

Commonwealth's brief at 5.[2]

This appeal implicates the prompt-trial provisions outlined in Pa.R.Crim.P. 600.[3] The relevant considerations are as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

**Commonwealth v. Ramos**, 936 A.2d 1097, 1100 (Pa.Super. 2007) (*en banc*).

Rule 600 has dual purposes. **Commonwealth v. Roles**, 116 A.3d 122, 125 (Pa.Super. 2015). While it is intended to protect a criminal

---

[2] As noted *supra*, in our prior memorandum, we rejected the Commonwealth's assertion that the trial court was required to include a contemporaneous statement of its finding of facts in the order discharging Robinson pursuant to Pa.R.Crim.P. 600. Specifically, we concluded, "We agree with the trial court's determination that it was under no obligation to file a statement of facts contemporaneously with the order granting Rule 600 relief, and we find that the Commonwealth's meager argument to the contrary is unconvincing." **Robinson**, **supra** unpublished memorandum at 9. Accordingly, we do not revisit this issue herein.

[3] Effective July 1, 2013, our Supreme Court adopted a new Rule 600 that reflects prevailing case law. **See** Pa.R.Crim.P. 600, Comment. As the Commonwealth filed the criminal complaint in this case prior to the effective date of the revisions, the former rule guides our review. **See Commonwealth v. Brock**, 61 A.3d 1015, 1016 n. 2 (Pa. 2013).

defendant's rights to a speedy trial, it is also designed to protect society's interest by prosecuting criminal conduct. *Id*. The pertinent version of Rule 600 requires the Commonwealth to try a criminal defendant within 365 days from the date that the criminal complaint is filed. *See* Former Rule 600(A)(3) (effective until July 1, 2013). If the Commonwealth fails to bring the criminal defendant to trial within the pertinent period, the defendant "may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated." Former Rule 600(G) (effective until July 1, 2013). "To determine whether dismissal is required under Rule 600, a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed." *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa.Super. 2013). Thereafter, an adjusted run date is calculated by adding excludable time and excusable delay to the mechanical run date. *Id*. Periods of delay caused by the defendant are excluded from the speedy-trial computation. *See* Former Rule 600(C)(1)-(3) (effective until July 1, 2013). Excusable delay is a judicial construct that encompasses a variety of situations where the delay was outside of the Commonwealth's control. We have stated, "[e]xcusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Goldman*, *supra* at 879. We further explained, "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but

rather a showing by the Commonwealth that a reasonable effort has been put forth." **Ramos**, *supra* at 1102. Finally, mindful of the Rule's dual purposes, where "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." **Id**. at 1100.

As a preliminary matter, we note that 491 days passed between the date the criminal complaint was filed on April 30, 2013 and the date that Robinson presented his Rule 600 motion on September 2, 2014. Thirty-two days of that period were excludable because they were attributable to delays created by the defendant. Likewise, eighty-two days were arguably excusable delays that occurred beyond the Commonwealth's control and despite its diligence, *i.e.*, delays associated with the magisterial district court's schedule and Officer Oberdorf's magisterial training and obligations to that court. Thus, even after accounting for all of the excludable time and days of potentially excusable delay, unless the 191-day period associated with Autry's flight is also deemed excusable, the Commonwealth exceeded the 365-day limit by twelve days. Stated another way, unless the 191-day period is included in the calculation to determine the adjusted run date, the Commonwealth would have had to try the case against Robinson by Friday, August 22, 2014 to comply with Rule 600.

The Commonwealth argues that the trial court's Rule 600 determination lacks a foundation in the certified record. The Commonwealth asserts that the trial court erred in assessing against it for the purposes of the speedy-trial rule the 191-day delay caused by co-defendant Autry's flight. Relying upon its interpretation of the recent amendments to Rule 600, which do not apply to the case at bar, the Commonwealth argues that all delays are excluded from the computation of the 365-day period unless the delay is caused by the Commonwealth's lack of due diligence. Applying this rationale to the instant case, the Commonwealth reasons that, since it could not take Robinson to trial while his co-defendant remained a fugitive, the resulting 191-day delay was not the product of its lack of diligence. Hence, the Commonwealth posits that, assuming all of the excludable time and excusable delay discussed *supra*, the correct adjusted run date was March 2, 2015. It continues that since it was prepared to prosecute Robinson during September of 2014, the Rule 600 discharge was approximately six months premature.

The crux of the Commonwealth's argument is that it was not required to sever Robinson's case in order to try him separately at an earlier date. It reasons that Robinson was aware of Autry's evasion and even consented to the delay so long as it counted against the Commonwealth for purposes of the Rule 600 computation. The Commonwealth also contends that it utilized

due diligence in pursuing Autry and bringing Robinson to trial after Autry's February 2014 apprehension and June 2014 guilty plea.

Robinson counters that the Commonwealth should not be allowed to hide behind Autry's flight in order to justify its failure to bring him to trial in a timely manner. He opines, "If they fe[lt] it [wa]s absolutely necessary to try both of the defendant's [sic] at the same time, the Commonwealth should [have] notif[ied] the court in order to have the time tolled." Robinson's brief at 6-7. He asserts that the Commonwealth's on-the-record statement during the October 2013 hearing that it was attempting to execute a warrant for Autry's arrest was ineffective notice because the Commonwealth did not specifically inform him that Autry was a fugitive or claim that he was absolutely necessary to trial. Indeed, Robinson claims that he was not provided notice of Autry's fugitive status and the associated delay until September of 2014. He also stresses that he conditioned his initial acceptance of the Commonwealth's efforts to locate Autry during October 2013, "so long as any delay at that point is attributed to the Commonwealth[.]" N.T., 10/30/13, at 3. Finally, Robinson challenges the Commonwealth's assertion that it exercised due diligence in apprehending Autry or in bringing either defendant to trial once he was in custody. Robinson acknowledges that the Commonwealth is not required to sever a case; however, he argues that it should be accountable for the delays

associated with its refusal and asserts that the Commonwealth's refusal to sever the cases under these facts is tantamount to a lack of due diligence.

In rejecting the Commonwealth's claim that the 191-day period associated with Autry's flight should not be attributed to it, the trial court relied upon our Supreme Court's holding in **Commonwealth v. Hagans**, 349 A.2d 470 (Pa. 1978). In **Hagans**, the Supreme Court addressed whether a defendant's failure to object to the delay caused by a co-defendant should be excluded from the speedy-trial computation. The Supreme Court concluded that it was not excludable time. Essentially, it found that requiring a defendant to resist his co-defendant's dilatory actions was a distortion of the speedy-trial rules. Specifically, the High Court reasoned,

> In interpreting the provisions of Rule 1100[4] we must not lose sight that the Rule was promulgated to meet the State's responsibility to afford an accused a speedy trial. In this context it must be remembered that the accused has no duty to bring himself to trial, but rather the State has that obligation, which it must discharge with reasonable dispatch. Consistent with these principles, Rule 1100 places the obligation upon the Commonwealth to commence trial no later than the prescribed time, unless excused upon a showing of due diligence. The defense is only charged for delays caused by the defendant himself or his counsel. To expand upon this obligation by requiring him to resist dilatory actions by his co-defendants requires the imposition of a responsibility at odds with the aforementioned principles.

---

[4] Rule 600 supplanted the former Pa.R.Crim.P. 1100 when the rules of criminal procedure were renumbered.

*Id*. at 577.

Instantly, the trial court relied upon our Supreme Court's discussion in *Hagans* to conclude that the onus was upon the Commonwealth rather than Robinson to sever the two criminal cases, and therefore, the 191-day period associated with Autry's avoidance could not be attributed to Robinson. While the trial court is correct in so far as it concluded that Robinson could not be saddled with delay caused by Autry's flight, that does not mean *ipso facto* that discharge was warranted pursuant to Rule 600. Stated simply, while the *Hagans* Court's overarching proposition that a defendant cannot be held accountable for a codefendant's delay for purposes of determining the Commonwealth's compliance with the the speedy trial rule is unassailable, as we discuss below, the case is not dispositive of either the Rule 600 violation or the Commonwealth's diligence.

In *Commonwealth v. Hill*, 736 A.2d 578, 581 (Pa. 1999),[5] the Supreme Court applied the rationale it espoused in *Hagans* to find that periods of delay caused by a codefendant was not excludable time pursuant to the speedy-trial computation. However, that did not end the High Court's

---

[5] *Commonwealth v. Hill*, 736 A.2d 578, 581 (Pa. 1999) was a consolidated appeal involving two unrelated criminal defendants, Vernon Hill and George Cornell, who both contended that this Court erred in its review of the trial court's application of the speedy trial-rule, which at that time was Pa.R.Crim.P. 1100. As it relates to the case at bar, the pertinent aspects of that case stem from the High Court's review of Cornell's appeal.

inquiry. Instead, the *Hill* Court concluded that in considering whether discharge was warranted under the speedy-trial rule, the delay associated with the codefendant would be excused if the Commonwealth acted with due diligence. *Id*. at 591. The court reasoned, "However, even where a violation of Rule 1100 has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and the circumstances occasioning the postponement were beyond the control of the Commonwealth. *Id*. (internal quotation marks omitted). Thereafter, the Supreme Court reviewed the reasons for the various delays and determined that the Commonwealth exercised due diligence in its effort to comply with the speedy-trial rule and "that the delay in commencing trial was occasioned by circumstances beyond the control of the Commonwealth." *Id*. at 592.

Relevant herein, this Court subsequently emphasized that the *Hill* Court reached its determination despite the fact that the Commonwealth had opposed the defendant's motion to sever his prosecution from his dilatory co-defendant. *See Commonwealth v. Jackson*, 765 A.2d 389, 393 (Pa.Super. 2000) ("The majority in *Hill* reached this conclusion despite the fact, relied upon by the dissent in *Hill*, that [the defendant] had moved for severance from the outset and the Commonwealth had opposed the motion). Significantly, in *Jackson*, we rejected both the proposition that the trial court was required to move for severance when it encounters a potential speedy-trial violation and the notion that the Commonwealth's objection to

severance was relevant to whether it exercised due diligence. *Id*. at 395. We explained,

> Furthermore, it appears as if a majority of our [S]upreme [C]ourt in *Hill* implicitly rejected appellant's argument that the Commonwealth is required to move for a severance when faced with a possible Rule 1100 violation. [T]he trial court in [*Hill*] had found 'particularly persuasive' the fact that the Commonwealth failed to move for severance and had therefore failed to meet its burden of proving due diligence; nevertheless, a majority of our [S]upreme [C]ourt affirmed the trial court's reversal.

*Id*. As the Commonwealth in *Jackson* had been prepared to go to trial and never requested any continuances, we concluded that it was duly diligent despite the fact that it opposed severance in the face of the potential Rule 1100 violations caused by the co-defendant's request for new counsel. Accordingly, we concluded that discharge was not warranted.

We adopted the identical rationale in *Commonwealth v. Kearse*, 890 A.2d 388 (Pa.Super. 2005), and *Commonwealth v. Robbins*, 900 A.2d 413 (Pa.Super. 2006), and in both cases, we determined that due diligence did not require the Commonwealth to sever a case in order to avoid violating Rule 600 where all of the delays were beyond the Commonwealth's control and the Commonwealth had been prepared for trial prior to the adjusted run date. *Id*. at 417. In *Kearse*, *supra*, we stated,

> Thus, we do not find that [our case law] mandate[s] that the Commonwealth sever a case when faced with a potential Rule 600 violation. On the contrary, this Court has held that the Commonwealth is not required to sever a defendant's case from a co-defendant's when faced with a possible Rule 600 violation. *Commonwealth v. Jackson*, 765 A.2d 389, 395

- 13 -

(Pa.Super.2000). This holding is in accordance with the historical posture of the Rule, which recognizes that a prophylactic application is not in the interest of justice and also that the Rule must take into account society's interest in the effective administration of justice.

*Id*. at 304-395.

Likewise, relying upon our discussion in *Kearse*, *supra*, the *Robbins* Court concluded, "severance is not required of the Commonwealth when it faces a possible Rule 600 violation, and the trial court should not have factored the refusal to sever in its Rule 600 analysis." *Robbins*, *supra* at 417. Observing that none of the continuances in that case was attributable to the Commonwealth and noting that it been prepared to proceed to trial within the mechanical run date, we concluded that the "Commonwealth may not be charged with failure to exercise due diligence where its own record of attendance and preparedness throughout the pendency of this case was never faulted." *Id*.

Instantly, Robinson was not brought to trial prior to the adjusted run date of August 22, 2014, which, consistent with *Hagans* was not extended by the 191 days associated with Autry's flight. Thus, there was a technical violation of Rule 600. Nevertheless, consistent with our Supreme Court's perspective in *Hill*, *supra* and our application of those principles in the cases previously discussed, a technical violation of the speedy-trial rule does not warrant discharge where the record reveals that the Commonwealth exercised due diligence. Moreover, the Commonwealth was not required to

to sever Robinson's case from Autry's in order to avoid the Rule 600 violation and the failure to sever is not evidence of a lack of diligence.

Herein, few if any of delays were attributable to the Commonwealth's requests for continuances or its inaction. The certified record reveals that the delays and continuances were the result of the presiding magistrate, Officer Oberdorf's unavailability, or Robinson's inability to proceed. None of these delays is attributable to a lack of the Commonwealth's diligence.

Moreover, the Commonwealth entered timely notice of its intent to consolidate Robinson's and Autry's cases for trial, and informed Robinson of the status of the case at an October 2013 pretrial conference. Robinson did not object to the consolidation and agreed to the delay on the condition that it was "attributed to the Commonwealth[.]" N.T., 10/30/13, at 3. However, the trial court did not address at that point which party would be encumbered by the delay and it specifically noted that it would address that issue at a later date. *Id*. Thus, notwithstanding Robinson's qualifications, the Commonwealth's decision to pursue one consolidated case against both defendants was neither remiss nor evidence of a lack of diligence.

Autry was apprehended on February 12, 2014. During an April 9, 2014 hearing, the Commonwealth noted that it was still disinclined to sever the cases and informed Robinson and the trial court that it was waiting for Autry's pre-arraignment case to mature procedurally so the defendants could be tried together. Robinson did not object to the delay or request a

severance. Thereafter, the Commonwealth was prepared for trial during the second week of June 2014 but Robinson's prosecution was delayed by defense counsel's unavailability. During the August 2014 trial term, Officer Oberdorf was unavailable because he was attending to his magisterial court duties.[6]

The foregoing reveals that the Commonwealth exercised due diligence throughout the prosecution of this case. The Commonwealth never requested a continuance, and the delays associated with the magisterial court calendar and Officer Oberdorf's training and obligations to his judicial position were not caused by the Commonwealth's actions or omissions. Moreover, the Commonwealth was prepared to bring Robinson to trial during June 2014, which was prior to the adjusted run date, but Robinson sought to continue the case. While this fact is not dispositive, the Commonwealth's readiness for trial prior to the adjusted run date is convincing evidence that it acted with due diligence to comply with Rule 600. Thus, mindful that, pursuant to **Jackson**, **supra** and **Robbins**, **supra**, the Commonwealth's objection to severing the criminal cases is irrelevant to the due diligence

---

[6] While there is no information in the certified record concerning the June and August 2014 trial terms, Robinson stipulated to the Commonwealth's statement of the case, subject to two exceptions that are not relevant herein. As the assertions regarding the June and August trial terms are articulated in the Commonwealth's statement of the case, we presume their validity for the purpose of the due diligence review.

determination when the Commonwealth was otherwise ready to proceed, we conclude that the trial court erred in granting Robinson's Rule 600 motion based upon the Commonwealth's reluctance to sever the cases. Stated another way, as evidenced by the absence of any Commonwealth requests for continuances and its readiness during the July 2013 preliminary hearing and the June 2014 trial term, which were were both continued due to Robinson, the Commonwealth exercised reasonable effort to prosecute Robinson in a timely fashion notwithstanding its unwillingness to sever the cases in response to Autry's flight.

Accordingly, we reverse the trial court order dismissing the criminal charges and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015