J-S43001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT FRASCHETTI | : | |
| | : | |
| Appellant | : | No. 1950 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 22, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007677-2016

BEFORE:  GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:      **FILED: FEBRUARY 7, 2020**

Appellant, Albert Fraschetti, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial conviction for indecent assault of a person with a mental disability.[1]  For the following reasons, we vacate the conviction and judgment of sentence, and discharge Appellant.

The relevant facts and procedural history of this case are as follows.  In 2016, Appellant was an in-home aide for Victim, an adult male with Down Syndrome.  In July 2016, Victim's mother reviewed home-security camera footage of Victim and Appellant.  The video showed Appellant had fondled Victim's nipples and had Victim reciprocate the act upon Appellant, kissed

_____

[1] 18 Pa.C.S.A. § 3126(a)(6).

_____

*   Former Justice specially assigned to the Superior Court.

Victim, and exposed and touched himself while Victim played with a doll.

On November 7, 2016, the Commonwealth filed a criminal complaint against Appellant in York County. The York County Court of Common Pleas schedules criminal jury trials by term every other month. Additionally, York County adopted a local rule to manage criminal cases in compliance with Pa.R.Crim.P. 600. *See* Y.C.L.R.Crim.P. 600. Under York County Local Rule 600, the York County District Attorney's Office assembles a "Rule 600 list" that ranks all cases the district attorney intends to call to trial that term by Rule 600 priority, along with an estimated length for the trial for each case. Before the start of a trial term, the Commonwealth submits the list to court administration, who assigns cases from the Rule 600 list to the five criminal courtrooms in the York County Court of Common Pleas as the courtrooms become available throughout the trial term.[2]

On February 6, 2017, the court conducted a pre-trial conference in this case. During the conference, Appellant requested a delay in listing the case for trial during the March 2017 trial term, which began on March 6, 2017, to allow defense counsel time to communicate with potential trial witnesses. The trial court granted Appellant's request and instructed the Commonwealth to

---

[2] Prior to September 2017, under a previous version of York County Local Rule 600, the Commonwealth submitted **to each individual criminal judge** a Rule 600 list which included **only cases pending before that judge** in a given trial term. Each judge called cases to trial only from that judge's own Rule 600 list throughout a trial term.

list the case during the May 2017 trial term (May 8, 2017, through May 26, 2017). The Commonwealth, however, did not include Appellant's case on the Rule 600 list for the May 2017 trial term, and Appellant's case did not proceed to trial in May 2017. Instead, the Commonwealth put Appellant's case for the first time on the Rule 600 list for the July 2017 trial term (July 10, 2017, through July 21, 2017), and designated the case as number 149 in Judge Snyder's courtroom that term. Approximately 30 cases from Judge Snyder's July 2017 list went to trial in July 2017; Appellant's case did not go to trial.

The next trial term was the September 2017 trial term (September 5, 2017, through September 22, 2017). The Commonwealth put Appellant's case on the September 2017 trial term Rule 600 list as number 288 out of 370 overall, and estimated the trial would last one and one-half (1½) days. Court administration did not call Appellant's case for trial during the September 2017 term or skip over the case. According to the court administrator, he "never got that far down the list" in September 2017. (N.T. Rule 600 Hearing, 3/19/18, at 25). Several cases with higher priority numbers involving the attorneys in Appellant's case were among the cases the court administrator did call to trial in September 2017.

The next trial term was the November 2017 trial term (October 30, 2017, through November 3, 2017, and November 13, 2017, through November 17, 2017). Appellant's case appeared as a two-day trial at number 177 out of 303 cases on the Rule 600 list for the November 2017 trial term.

Again, court administration did not call Appellant's case to trial. Per the court administrator, "we did not get to that case number, 177. We may have [gone] past it based on date certain cases." (*Id.* at 26). The Commonwealth did not request a date certain for the next trial term.

The next trial term was the January 2018 trial term (January 2, 2018, through January 18, 2018). On the January 2018 term Rule 600 list, the Commonwealth put Appellant's case at number 74 out of 227, and estimated the trial would last two and one-half (2½) days. Court administration skipped Appellant's case during the January 2018 term multiple times for various reasons. Defense counsel was unavailable on January 5, 2018, and January 8, 2018, and the prosecutor on the case was unavailable on January 9, 2018. On January 9 and 10, 2018, defense counsel, a public defender, was on trial in a case with a higher priority number on the January 2018 trial list. Court administration did not call Appellant's case for trial on Thursday and Friday, January 11 and 12, 2018, due to the projected length of the case. Court administration again skipped Appellant's case on January 16 through 18, 2018, because both attorneys were trying a case together. Court administration bypassed Appellant's case on January 19, 2018, as defense counsel was to begin trying another case with a higher priority number that day. Ultimately, Appellant's case did not go to trial during the January 2018 term. On January 31, 2018, the Commonwealth requested a date certain trial. The trial court granted the Commonwealth's request on February 1, 2018, and

scheduled Appellant's trial for March 19, 2018.

Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 on March 16, 2018, asserting (i) only some of the time from the February 6th pre-trial conference through the start of the May 2017 trial term was excludable delay and (ii) the Commonwealth failed to exercise due diligence in bringing Appellant's case to trial. On March 19, 2018, the Commonwealth filed a response to Appellant's motion, in which it stated, *inter alia*, it had placed Appellant's case on the "ready list" each trial term since July 2017. That same day, the court conducted a hearing on Appellant's Rule 600 motion.

At the start of the hearing, the parties discussed whether any delay had resulted from Appellant's February 6, 2017 pre-trial conference request to list the case for May 2017 term, rather than the March 2017 term. Appellant claimed the period February 6, 2017–March 6, 2017, did not constitute "delay" but was merely the normal progression of the case, because the first possible date for trial was March 6, 2017, the start of the March 2017 trial term. Appellant conceded the period from March 6, 2017–May 8, 2017, was excludable, in light of his pre-trial conference request to delay listing his case until the May 2017 trial term.

The Commonwealth countered the entire period from February 6, 2017, through May 8, 2017, was excludable delay, extending the adjusted trial run date to February 7, 2018. During the exchange, however, the prosecutor acknowledged, "The Commonwealth wouldn't have been able to go to trial

either from that February pre-trial conference date until when it was listed out a term to the beginning of the May trial term." (N.T. Rule 600 Hearing, 3/19/18, at 5). The trial court agreed with the Commonwealth's rationale, and determined the time from February 6, 2017, through May 8, 2017, was excludable delay due to Appellant's February 6th request.

Additionally, the Commonwealth presented the testimony of two witnesses, a York County assistant district attorney ("ADA") and the court administrator. The ADA testified he is responsible for compiling the Rule 600 list each trial term. He explained how he composes the Rule 600 list and how cases proceed to trial from the list:

> … Obviously, in coordination with [ADA's]. …I would be notified as to what cases were ready for trial. At any given time, obviously. One thing that would be played is obviously if a case were set by a judge as a date certain, that certainly would have gone at the top of that list. …
>
> *   *   *
>
> [O]ur attorneys are certainly to let me know which cases are ready to and able to proceed to trial at any given time. [Under York County Local Rule 600,] we are to check our witnesses' availability…. We are also required to check with defense counsel to see if they have any unavailability during the term. … [O]ur office and our attorneys have been instructed to put that list together in a Rule 600 priority, unless for some reason it is unable to go at any given time. There may be certain cases based on the nature of the offense in which we would want [nameable] case to be bumped up ahead of just a mechanical run date. But, again, that would be up to the attorney to place it in that order. Otherwise, it would be placed again in order of Rule 600 priority.
>
> *   *   *

> [Under the current Local Rule 600,] the list is essentially created…, it is all five criminal courtrooms together in a combined list in the order in which the Commonwealth would like the cases called, barring a date certain or a judge certain case, then just court administration would call those in that order, again barring that, or, an attorney's unavailability who may be tied up in another courtroom or a witness's unavailability on the Commonwealth or defense side.

(*Id.* at 15, 17, 19). The ADA added, "Ultimately it is incumbent upon the ADA's" to ensure Rule 600 compliance through the Rule 600 list. (*Id.* at 18).

The court administrator testified he assigns cases from the Rule 600 list "primarily in the order [in] which they are listed to the courtrooms as they become available, taking into consideration the unavailability of any witnesses or the attorneys in the case." (*Id.* at 22). When he chooses cases to proceed to trial, the court administrator also takes into account the projected length of a case. For example, court administration will not call a three-day case to trial on a Thursday. (*Id.* at 21-30).

At the conclusion of the March 19, 2018 hearing, the court denied Appellant's Rule 600 motion. The court explained its rationale on the record, in pertinent part, as follows:

> I understand the due diligence argument, but we are at February 7th of 2018. …
>
> \*   \*   \*
>
> So, as far as I am concerned, the issue as far as due diligence is did due diligence occur after that date.
>
> \*   \*   \*

> The Commonwealth has 365 days to bring a case to trial from the date the complaint is filed. **The question of due diligence doesn't come into play for that period of time. Now, it does come into play after that period of time has elapsed.** To me, the only time that due diligence would be of interest prior to that time is if there is an allegation the Commonwealth just hasn't been doing anything for the last year on anything.
>
> So the question then is what is the argument for the period of time since February 7th of 2018? Is there any?
>
> *    *    *
>
> …    And, frankly, from what I've heard, I think [the Commonwealth] ha[s] exercised due diligence. They certainly haven't been sitting on their hands in this case or any other case. I think you know, or expect that you would agree with the [c]ourt that the public defender's office, the district attorney's office, and the judges that are assigned to do criminal jury trials are pretty busy. … There is nothing that tells me that the Commonwealth was not acting with due diligence regarding the September or November terms. The fact that one case—the fact it may have been a case that had some lesser priority than this case, I don't think that in itself is demonstrating lack of due diligence.
>
> *    *    *

(***Id.*** at 32-34) (emphasis added). That day, Appellant proceeded to a jury trial. On March 22, 2018, the jury convicted Appellant of one count of indecent assault of a person with a mental disability. The court sentenced Appellant on June 22, 2018, to two and one-half (2½) to five (5) years' incarceration. On July 2, 2018, Appellant filed a timely post-sentence motion, which the court denied on October 30, 2018. Appellant timely filed a notice of appeal on November 27, 2018. The trial court ordered Appellant on November 29,

2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on December 20, 2018.

Appellant raises two issues for our review:

> DID THE TRIAL COURT ERR IN DENYING [APPELLANT]'S MOTION TO DISMISS FOR VIOLATION OF RULE 600 WHERE THE MINIMUM DELAY THAT CANNOT BE EXCLUDED WAS 403 DAYS AND THE COMMONWEALTH'S PURPORTED EFFORTS TO TRY THIS CASE ON TIME ESTABLISHED ONLY *PRO FORMA* ACTIONS THAT DO NOT AMOUNT TO DUE DILIGENCE?
>
> DID THE TRIAL COURT ERR IN FINDING [VICTIM] INCOMPETENT TO TESTIFY IN THE ABSENCE OF ANY INDICATION THAT EITHER PARTY INTENDED TO PRESENT HIS TESTIMONY OR ANY OBJECTION TO HIS COMPETENCY, AND IN COMPOUNDING THAT ERROR BY INSTRUCTING THE JURY THAT [VICTIM] HAD BEEN DEEMED INCOMPETENT IN A WAY THAT CONFUSED THE JURY ON A KEY ELEMENT ON WHICH THE EVIDENCE WAS CLOSELY BALANCED?

(Appellant's Brief at 5).

In his first issue, Appellant argues his speedy trial rights were violated, because trial commenced more than a year after the Commonwealth filed its criminal complaint. Appellant contends the trial court incorrectly calculated the number of days of excludable time. Appellant notes Pennsylvania law provides time during which neither party is ready or able to proceed to trial is not excludable or excusable time, but he concedes the period from March 6, 2017, through May 8, 2017, was excludable due to his pre-trial conference request to postpone the listing of his case for trial. Appellant claims York County Local Rule 600 authorizes the Commonwealth to determine the order in which cases proceed to trial based upon the Commonwealth's prioritization

of cases on its Rule 600 list. Appellant insists the Commonwealth's inclusion of Appellant's case on its Rule 600 lists for each trial term at any priority is merely *pro forma* conduct which, without more, does not demonstrate the Commonwealth acted with due diligence to bring Appellant's case to trial in a timely manner. Appellant also avers the Commonwealth's mere inclusion of his case on a given Rule 600 list does not establish the Commonwealth was ready to go to trial, as the Commonwealth cannot possibly be ready to proceed to trial on all cases on a list that includes between 200 and 300 cases. Appellant maintains the Commonwealth's request for a date certain trial, after his Rule 600 rights had already been violated, does not demonstrate due diligence. Appellant complains the trial court incorrectly determined the Commonwealth had acted with due diligence, as the court considered the Commonwealth's conduct (i) during only a portion of the pre-trial period and (ii) with regard to its management of other cases called to trial before Appellant's case, rather than its management just of Appellant's case. Appellant concludes this Court should vacate his conviction and judgment of sentence and discharge him. We agree relief is due.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied

or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Andrews***, 213 A.3d 1004, 1010 (Pa.Super. 2019).

> The proper scope of review…is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> \* \* \*
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

***Hunt, supra*** at 1238-39 (internal citations and quotation marks omitted).

Our Supreme Court has explained:

> Rule 600 was designed to prevent unnecessary prosecutorial delay in bringing a defendant to trial. For purposes of calculating whether a defendant is brought to

- 11 -

trial within the time constraints of Rule 600, requiring that commencement of trial be marked by a substantive, rather than a *pro forma*, event prevents the Commonwealth from manipulating the Rule 600 clock by initiating superficial or non-substantive court proceedings. Requiring that the commencement of trial be marked by a substantive event places an obligation **on the Commonwealth** to ensure that the spirit behind Rule 600 is not compromised.

***Commonwealth v. Brock***, 619 Pa. 278, 290, 61 A.3d 1015, 1021-22 (2013)

(emphasis in original).

Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

**Rule 600. Prompt Trial**

**(A) Commencement of Trial; Time for Trial**

      *     *     *

(2) Trial shall commence within the following time periods.

    (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

      *     *     *

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

      *     *     *

(3)(a) When a judge or issuing authority grants or denies a continuance:

- 12 -

> (i)     the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and
>
> (ii)    the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

*     *     *

> **(D) Remedies**
>
> (1)  When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.  A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing.  The judge shall conduct a hearing on the motion.

*     *     *

Pa.R.Crim.P. 600(A)(2)(a), (C)(1, 3(a)), (D)(1).[3]  "Rule 600 generally requires the Commonwealth to bring a defendant…to trial within 365 days of the date the complaint was filed."  ***Hunt, supra*** at 1240.  To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief.  ***Id.*** at 1243.

---

[3] On October 1, 2012, a new Rule 600 was adopted, effective July 1, 2013. The relevant provisions of the current version of the Rule remain substantively similar to those in the former version of the Rule.

- 13 -

"The mechanical run date is the date by which the trial must commence under Rule 600." ***Commonwealth v. McNear***, 852 A.2d 401, 406 (Pa.Super. 2004).

> It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed. The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

***Id.*** In the context of Rule 600, "excludable time" is differentiated from "excusable delay" as follows:

> "Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

***Hunt, supra*** at 1241 (internal citations and footnote omitted).

Rule 600 requires the trial court to determine whether the Commonwealth exercised due diligence. ***Commonwealth v. Selenski***, 606 Pa. 51, 59, 994 A.2d 1083, 1088 (2010); Pa.R.Crim.P. 600, Comment. "The Commonwealth bears the burden of proving due diligence by a preponderance of the evidence." ***Commonwealth v. Burno***, 638 Pa. 264, 14, 154 A.3d 764,

794 (2017).

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth.

*Commonwealth v. Brown*, 875 A.2d 1128, 1138 (Pa.Super. 2005), *appeal denied*, 586 Pa. 734, 891 A.2d 729 (2005) (quoting **Hunt, supra** at 1241-42) (emphasis in original). "Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." *Commonwealth v. Ramos*, 936 A.3d 1097, 1102 (Pa.Super. 2007) (*en banc*), *appeal denied*, 597 Pa. 705, 948 A.2d 803 (2008). "To effectuate the purpose of Rule 600, the Commonwealth should be held to the requirement that it exercise due diligence **at all times** during the pendency of a case." *Commonwealth v. Robbins*, 900 A.2d 413, 415 (Pa.Super. 2006), *appeal denied*, 589 Pa. 720, 907 A.2d 1102 (2006) (internal quotation marks omitted) (emphasis added). **See also Burno, supra** at 313-14, 154 A.3d at 793-94 (explaining excusable delay is not calculated against Commonwealth in Rule 600 analysis, as long as Commonwealth acted with due diligence **at all relevant times**).

> Absent a demonstration of due diligence, establishing that the Commonwealth has done everything reasonable within its power to guarantee that the trial begins on time, the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice.

*Commonwealth v. Barbour*, 647 Pa. 394, 399-400, 189 A.3d 944, 947 (2018) (internal citation and quotation marks omitted).

"[T]ime attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." *Commonwealth v. Mills*, 640 Pa. 118, 122, 162 A.3d 323, 325 (2017). Where the court enters a continuance:

> If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. Significantly, when the defendant signs the Commonwealth's motion for postponement and registers no objection to the postponement…the signed consent without objection can be interpreted as consent to the new date….

*Hunt, supra* at 1241 (internal citations omitted). Additionally, "where a **trial-ready** prosecutor must wait…due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Mills, supra* at 122, 162 A.3d at 325 (emphasis added). Further, it is "inconsistent with both the letter and spirit of Rule 600" to state "time during which no one is prepared for trial—or even possibly could be ready—is 'delay.'" *Id.* *See also Robbins, supra* at 415 (stating: "Where the Commonwealth was prepared to proceed throughout the pendency of a case, it demonstrated that it was prosecuting the defendant's case with due diligence").

Generally, "delays caused by pretrial motions constitute excludable time where the pretrial motion renders the defendant unavailable." *Commonwealth v. Hill*, 558 Pa. 238, 250, 736 A.2d 578, 585 (1999).

However, the mere filing of a pretrial motion by a defendant

does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion. If a delay is created, in order to establish that the delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion.

*Id.* at 254-55, 736 A.2d at 587 (internal citations and footnote omitted).

York County Local Rule 600 provides, in relevant part, as follows:

**Rule 600. Prompt Trial**

**(A)** The purpose of this rule is to ensure the efficient use of judicial resources, to provide sufficient judicial resources to the Commonwealth's prosecuting agencies for the cases they intend to call for trial, and to ensure defendants receive reasonable notice of the jury term during which their trials will commence. Nothing in this rule shall limit or expand upon the provisions of Pa.R.Crim.P. 600 regarding calculation of time for commencement of trial.

**(B) Definitions.**

\* \* \*

(3) Date-certain scheduling means the assigned judge, upon request of either party or *sua sponte*, orders that the trial shall commence on a specific date before any judge. …

(4) Date-and-judge-certain scheduling means the assigned judge, upon request of either party or *sua sponte*, orders that the trial shall commence on a specific date before that same judge. …

**(C)** No later than five business days prior to the first day of the trial term, the district attorney shall provide to the district court administrator, in a format to be prescribed by the district court administrator, a written list of all cases the district attorney intends to call to trial in the trial term.

(1) The district attorney shall compile the list in order of priority for which the district attorney desires the court to

allocate judicial resources for trial.

\* \* \*

(3)    Prior to submission of the list, the district attorney shall consult with each defendant's attorney or the self-represented defendant to determine the following information:

(a)    the estimated length of time in days the parties jointly anticipate the trial to last from *voir dire* through closing instructions;

(b)    any dates during the forthcoming term when either party will be unable to conduct the trial for any reason, including but not limited to unavailability of witnesses or attorneys;

(c)    the reason, if any exists, either party believes any specific judge of this court would be precluded from presiding over the trial in the event the currently assigned judge is unavailable when the district attorney calls the case to trial; and,

(d)    the reason, if any exists, why either party will require more than one hour of notice when directed to appear for trial.

**(D)**    Beginning no later than one business day prior to the first day of the jury trial term, the district court administrator shall assign cases for trial as each judge becomes available.

(1)    **The district court administrator shall start with the first case on the list provided by the district attorney and proceed through the list in sequence**, continuing until either the list is exhausted or the trial term ends.  Any cases ordered for date-certain or date-and-judge certain scheduling shall be assigned out of sequence as necessary to comply with the order.  **The district court administrator may make minor deviations to the sequence in which cases are assigned, to facilitate the efficient use of judicial resources.**

(2)  If the next case on the list cannot proceed to trial for any of the following reasons, the district court administrator shall skip to the next case on the list and return to the skipped cases when the next judge becomes available:

(a)  the court has previously ordered a date-certain or date-and-judge certain for the trial to commence later in the trial term;

(b)  the prosecuting attorney, defendant or defendant's attorney is already in trial with another case or is scheduled for an imminent date-certain or date-and-judge-certain trial in another case; or

(c)  one or more factors previously documented in section (C)(3) above preclude commencement of trial before the available judge.

**(E)**  The district court administrator shall notify the judge of the trial assignment, and the judge shall direct the parties to appear to commence jury selection.

\*    \*    \*

Y.C.L.R.Crim.P.  600(A),  (B)(3-4),  (C)(1,  3),  (D)  (E)  (emphasis  added)

(effective by September 2017).

Instantly, the Commonwealth filed a complaint against Appellant on November 7, 2016. Therefore, the mechanical run date for Rule 600 purposes was November 7, 2017. *See McNear, supra*. During the February 6, 2017 pre-trial conference, the court (i) granted Appellant's request to delay listing the case during the March 2017 trial term to allow Appellant time to contact potential trial witnesses and (ii) ordered the Commonwealth to list Appellant's case for the May 2017 trial term, which began on May 8, 2017. As of the February 6, 2017 pre-trial conference, the earliest Appellant could have

proceeded to trial was March 6, 2017, when the March 2017 trial term began. Thus, the 28-day period from February 6, 2017, through March 6, 2017, is neither excludable nor excusable delay; the parties could not have gone to trial during that time, which is attributable to the normal progression of the case. **See Mills, supra**.

To the extent Appellant appears to assert the period from March 6, 2017, through the start of the May 2017 trial term on May 8, 2017, is not excludable or excusable because neither party was ready to proceed to trial, that argument is waived. Appellant did not raise that argument before the trial court and does not raise it expressly on appeal. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (stating claim is waived where appellate brief does not include citation to relevant authority or fails to develop issue in any meaningful fashion capable of review). **See also** Pa.R.A.P. 302(a) (explaining general rule that issues not raised before trial court are waived and cannot be raised for first time on appeal).

Rather, Appellant has conceded throughout the life of this case, including on appeal, that the time from March 6, 2017, through May 8, 2017, was excludable, due to his postponement request at the February 2017 pre-trial conference. Thus, the 62-day period from March 6, 2017, through May 8, 2017, was excludable delay. **See Hunt, supra**. Contrary to the

Commonwealth's contention at the Rule 600 hearing, only the 62 days between the start of the March 2017 trial term and the start of the May 2017 trial term were excludable. As a result, the adjusted run date changed from November 7, 2017, to January 7, 2018, and not to February 7, 2018, as the Commonwealth claims. *See McNear, supra*.

Subsequently, the Commonwealth did not list Appellant's case for the May 2017 trial term, and the case did not go to trial in May 2017. The record lacks any indication of the parties' readiness to proceed to trial in May 2017 or an explanation for the Commonwealth's omission of the case from its Rule 600 list. Thus, the 63-day period between the start of the May 2017 trial term (May 8, 2017) and the start of the July trial term (July 10, 2017) is neither excludable nor excusable time. *See Mills, supra*.

In July 2017, the Commonwealth placed Appellant's case on a Rule 600 list for the first time. In keeping with the previous version of Local Rule 600, the Commonwealth listed Appellant's case for the July 2017 trial term, as case number 149 in Judge Snyder's courtroom. Judge Snyder called approximately 30 cases to trial in July 2017. Appellant's case was not called.

In September 2017, under the current Local Rule 600, the Commonwealth listed Appellant's case at number 288 of 370 cases. The court administrator did not call Appellant's case to trial in September 2017. The record indicates, and the parties agree, that Judge Snyder and the court administrator did not call Appellant's case to trial during the July and

September 2017 trial terms, respectively, due to the position of Appellant's case on the Commonwealth's Rule 600 lists for those trial terms. The adjusted run date remained January 8, 2018. The period from the start of the July 2017 trial term through the end of the September 2017 term constituted normal progression of the case, in light of the local practice in York County of prioritizing and selecting cases for trial as well as the January 8, 2018 adjusted run date, and was neither excludable nor excusable. *See id.*

For the November 2017 trial term, the Commonwealth designated Appellant's case as number 177 out of 303 cases on the Rule 600 list. The court administrator did not call Appellant's case to trial during the November 2017 trial term, because he "did not get to that case number 177." The 56-day period between the end of the September 2017 trial term through the November 2017 trial term (September 22, 2017, through November 17, 2017) constituted normal case progression, given the local practice in York County and January 2018 adjusted run date, and was neither excludable nor excusable delay. *See id.*

For the January 2018 trial term, the Commonwealth listed Appellant's case as number 74 out of 227 cases on the January 2018 Rule 600 list. Appellant's case did not go to trial in the January 2018 trial term for various reasons, several of which relate to the Commonwealth's composition of the January 2018 Rule 600 list. For example, both attorneys were called into trials on other cases with higher priority numbers on the list throughout the January

2018 trial term. Although the adjusted run date was January 8, 2018, the Commonwealth did not request a date-certain trial until January 31, 2018, 23 days after the adjusted run date had passed and 13 days after the January 2018 trial term had concluded. Contrary to the trial court's rationale the Commonwealth was required to act with due diligence for purpose of Rule 600 throughout the course of Appellant's case, not only after the adjusted run date had expired. **See Burno, supra**; **Robbins, supra**. Consequently, the Commonwealth's mere inclusion of Appellant's case on its January 2018 Rule 600 list, particularly at a position of only moderate priority, was insufficient to establish the Commonwealth acted with due diligence ahead of the January 8, 2018 adjusted run date. **See Ramos, supra**; **Brown, supra**. **See also Commonwealth v. Williams**, 125 A.3d 425, 430 n.6 (Pa.Super. 2015) (quoting **Commonwealth v. Keller**, 477 A.2d 523, 526 n.3 (Pa.Super. 1984)) (providing local rules may not be utilized to render Pennsylvania Rules of Criminal Procedure meaningless). The 75-day period from the end of the November 2017 trial term or November 17, 2017, through the Commonwealth's request on January 31, 2018, for a date certain for trial does not constitute excludable or excusable delay. The Commonwealth's failure to request a date-certain trial ahead of the January 2018 trial term shows the Commonwealth failed to act with due diligence in bringing Appellant's case to trial in a timely manner. **See Ramos, supra**; **Brown, supra**.

Upon the Commonwealth's January 31, 2018 date-certain request, the

court scheduled Appellant's trial for March 19, 2018. The Commonwealth's date-certain request after the January 8, 2018 adjustable run date does not constitute due diligence. **See Ramos, supra**; **Brown, supra**. On March 16, 2018, Appellant filed a motion to dismiss per Rule 600. The court conducted a hearing and denied the motion on March 19, 2018. That same day, the parties proceeded to trial. The filing of Appellant's Rule 600 motion did not delay the start of trial or cause any excludable delay. **See Hill, supra**. Thus, the 46-day period from the Commonwealth's January 31, 2018 date-certain request through the start of trial on March 19, 2018, is not excludable or excusable.

The following chart summarizes the delays prior to trial:

| DATES | ACTIVITY | DAYS DELAY | EXCLUDABLE OR EXCUSABLE | ADJUSTED RUN DATE |
|---|---|---|---|---|
| 2/6/17-3/6/17 | At pre-trial conference, Appellant requested delay in listing case until May 2017 trial term to allow time to interview potential witnesses | 28 | No; first date case could go to trial after pre-trial conference was March 6, 2017; normal progression of case | 11/7/17 |
| 3/6/17-5/8/17 | Appellant's requested delay postponed his case for trial from the March 2017 trial term until the May 2017 trial term | 62 | **Excludable**; Appellant conceded time was excludable | **1/8/18** |
| 5/8/17-7/10/17 | Commonwealth did not include Appellant's case on Rule 600 list for the May 2017 trial term; Appellant did not proceed to trial | 63 | No; normal progression of case | **1/8/18** |

| | | | | |
|---|---|---|---|---|
| 7/10/17-9/5/17 | Commonwealth listed Appellant's case as number 149 for the July 2017 trial term; Appellant did not proceed to trial | 57 | No; normal progression of case | **1/8/18** |
| 9/5/17-9/22/17 | Commonwealth listed Appellant's case as number 288 out of 370 cases for the September 2017 trial term; Appellant did not proceed to trial | 17 | No; normal progression of case | **1/8/18** |
| 9/22/17-11/17/17 | Commonwealth listed Appellant's case as number 177 out of 303 cases for the November 2017 trial term; Appellant did not proceed to trial | 56 | No; normal progression of case | **1/8/18** |
| 11/17/17-1/31/18 | Commonwealth did not request a date-certain trial after the November 2017 trial term but listed Appellant's case as number 74 out of 227 cases for the January 2018 trial term; Appellant did not proceed to trial | 75 | No; Commonwealth failed to request date certain for trial before the adjusted run date | **1/8/18** |
| 1/31/18-3/19/18 | Commonwealth first requested a date certain for trial on 1/31/18; court scheduled trial for 3/19/18 | 46 | No; Commonwealth requested date certain trial after adjusted run date had expired | **1/8/18** |

Given this record, viewed in the light most favorable to the Commonwealth, as well as Appellant's concession of 62 days of excludable time, Appellant still proceeded to trial two months after the adjusted run date in his case and had a valid Rule 600 claim when he filed his motion. **See Hunt, supra**. Here, the Commonwealth was primarily responsible for the delay in Appellant's trial because it failed to list the case appropriately to ensure its priority, particularly when Appellant's adjusted run date drew near. The Commonwealth must bear the burden of its own miscalculation of the

adjusted run date. Further, the court administration took its cue from the Commonwealth's Rule 600 priority list throughout the case, while trying to manage the caseloads during the various trial terms. It was incumbent chiefly upon the Commonwealth to list Appellant's case to ensure trial would proceed within the reasonable parameters of Rule 600, including a timely request for a date certain for trial. Although other factors were involved, they do not serve to explain or excuse the Commonwealth's failure to act with due diligence in this case. Accordingly, we vacate Appellant's conviction and the judgment of sentence, and discharge Appellant.[4]

Conviction and judgment of sentence vacated; Appellant is discharged. Jurisdiction is relinquished.

Judge Dubow joins this memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/07/2020

---

[4] Due to our disposition, we decline to address Appellant's remaining issue on appeal.