COMMONWEALTH of Pennsylvania,
Appellant

v.

Robert ROBBINS, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 1, 2005.

Filed May 23, 2006.

Max Kaufman, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Andrew G. Gay, Philadelphia, for appellee.

BEFORE: JOYCE, STEVENS, and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Defendant/Appellee's post-trial motion for extraordinary relief under Pa.R.Crim.P. 704(B) and discharging the case pursuant to Pa.R.Crim.P. 600(G). The Commonwealth contends that Appellee failed to raise extraordinary circumstances necessary for Rule 704(B) relief, and that it, in any event, exercised due diligence in bringing Appellee to trial. Finding that the Commonwealth was duly diligent in bringing Appellee to trial, we reverse and remand.

¶ 2 The trial court aptly describes the factual and procedural history as follows: [Appellee] was arrested on May 27, 2003, and charged with, *inter alia*, Possession of a Controlled Substance with Intent to Deliver and Criminal Conspiracy, stemming from events that took place on that same date. The evidence presented at trial established that on that date, [Appellee] pulled up in front of 2441 N. Lawrence Street in a red station wagon, beeped the horn, and was then delivered 58 packets of crack cocaine from inside the residence by codefendant Kenney.

On July 15, 2004, after a jury trial . . . [Appellant] was convicted of [PWID], Knowingly Possessing a Controlled Substance, and Criminal Conspiracy. . . . [Sentencing was scheduled for September.]

On September 16, 2004, [Appellee] made an oral Motion for Extraordinary Relief, alleging that his trial commenced later than the run date pursuant to Pennsylvania Rule of Criminal Procedure 600( [G] ), and that the case should be dismissed. [The trial court] dismissed [Appellee's] case on September 24, 2004, after finding that [Appellee's] trial did not commence prior to the rule run date and that the Commonwealth did not exercise due diligence. The Commonwealth filed a Motion for Reconsideration, which was denied after hearing on October 13, 2004. This timely appeal followed.

Trial Court Opinion dated 1/13/05 at 1–2.

¶ 3 On appeal, the Commonwealth assails the trial court's rulings under Rules 704(B) and 600(G), respectively. First, we discern no error in the trial court's decision to entertain Appellee's pre-sentence oral motion for extraordinary relief under Rule 704(B). Rule 704(B) is intended to allow the trial judge the opportunity to

address only those errors so manifest that immediate relief is essential. It would be appropriate for counsel to move for extraordinary relief, for example, when the court would probably grant an arrest of judgment. *Commonwealth v. Rojas,* 874 A.2d 638 (Pa.Super.2005) (citing *Commonwealth v. Celestin,* 825 A.2d 670 (Pa.Super.2003)). Here, the trial court had already expressed serious reservations in denying Appellee's pretrial Rule 600(G) motion, which the court claimed to do only "in the interests of judicial economy," as all co-defendants were prepared to proceed with a trial set to commence on the following day. The court, in fact, did not deny Appellee's Rule 600(G) motion on the merits. Therefore, the court's own pretrial declarations indicated a strong probability that it would grant an arrest of judgment if presented with a Rule 704(B) motion for relief from its initial order denying Appellee's motion to dismiss under Rule 600(G). The Rule 704(B) motion was thus appropriately made.

■ ¶ 4 Our review of the court's order granting Rule 600(G) relief is guided by the following principles:

Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

\* \* \* \* \* \*

■ If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay. [ ... ] Pa.R.Crim.P.

600(C), (G). Even where a violation of Rule 600 has occurred, we recognize:

The motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and ... the circumstances occasioning the postponement were beyond the control of the Commonwealth. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

Reasonable effort includes such actions as the Commonwealth listing the case for trial prior to the run date to ensure that [the] defendant was brought to trial within the time prescribed by Rule 600. *Commonwealth v. Aaron,* 804 A.2d 39, 43–44 (Pa.Super.2002) *See also [Commonwealth v.] Hill,* [558 Pa. 238, 264, 736 A.2d 578, 592 (1999) ] (finding Commonwealth exercised due diligence when it initially scheduled trial well within time requirements of Rule 600 but trial was delayed by actions of [co-]defendants beyond Commonwealth's control).

*Commonwealth v. Malgieri,* 889 A.2d 604, 606–07 (Pa.Super.2005) (last set of brackets added).

■ ¶ 5 Moreover, to effectuate the purpose of Rule 600, "the Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case." *Commonwealth v. Hawk,* 528 Pa. 329, 337, 597 A.2d 1141, 1145 (1991). Where the Commonwealth was prepared to proceed throughout the pendency of a case, it demonstrated that it was prosecuting the defendant's case with due diligence. *Commonwealth v. Kearse,* 890 A.2d 388 (Pa.Super.2005).

¶ 6 In *Kearse*, a criminal complaint was issued against the defendant on May 9, 2003, making the mechanical run date May 8, 2004 (leap year). Co-defendant's counsel failed to appear at five consecutive preliminary hearings spanning June of 2003 to April of 2004, and the Commonwealth refused to sever the case to accommodate defendant. A sixth continuance was granted to the Commonwealth on April 6, 2004, because a key witness was unavailable. The defendant was eventually arraigned on April 27, 2004, and scheduled for a June 17, 2004 trial. Because the scheduled trial date was well beyond the mechanical run date, the defendant filed a Rule 600(G) motion to dismiss. The trial court denied the motion on a due diligence basis, and the defendant was subsequently convicted.

¶ 7 On appeal, the defendant argued that due diligence could not be found where the Commonwealth chose not to sever his case from co-defendant's so as to ensure the preservation of his speedy trial right. Authored by the Honorable Michael T. Joyce, *Kearse* held that due diligence was given the defendant's case because all continuances were beyond the control of the Commonwealth, which was present and ready to proceed on the first five preliminary hearing dates. In so holding, we further rejected the argument that due diligence required the Commonwealth to sever a defendant's case from his co-defendant's in such circumstances: "This holding is in accordance with the historical posture of [Rule 600], which recognizes that a prophylactic application is not in the interest of justice and also that the Rule must take into account society's interest in the effective administration of justice." *Kearse*, 890 A.2d at 394–95 (quoting *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super.2004)).

¶ 8 In the case *sub judice,* the trial court made the following findings of fact and conclusions of law in support of its Rule 600(G) ruling:

## FINDINGS OF FACT

1. The defendant was arrested on May 27, 2003.

2. On May 30, 2003, a preliminary hearing was scheduled. Said hearing was continued until June 11, 2003. . . .

3. On June 11, 2003, a status listing, a date of September 11, 2003 was given due [to] the protracted nature of the hearing.

4. On September 11, 2003, the defendant was ready to proceed but the Commonwealth refused to sever the case. Thus a continuance was granted [until] December 1, 2003.

5. On December 1, 2003, the preliminary hearing was conducted and the case was held for Court. A date of December 22, 2003 was given for the purposes of a preliminary arraignment.

6. On December 22, 2003, the defendant was arraigned and the case was sent to room 604 for a pre-trial conference on January 27, 2004. Note the Clerk of Quarter Sessions file is clearly marked on this date that the run date is 5.26.04.

7. On January 27, 2004, the pre-trial conference was held, and the case was sent to Room 907 for a scheduling conference on February 10, 2004.

8. On February 10, 2004, the case is given a trial date of May 5, 2004.

9. On May 5, 2004, the defense was ready to proceed and the Commonwealth refused to sever. The Commonwealth did not inform the Court that the run date was imminent and the case was again continued until July 12, 2004, 47 days beyond the run date. Note, the

defendant was willing to proceed on a waiver trial.

10. On July 12, 2004, the defendant made a motion for dismissal pursuant to Rule 600(G) which was denied by this Court for the sake of judicial economy.

11. After a jury trial the defendant was found guilty on July 15, 2004.

12. The defendant was listed for sentencing on September 16, 2004. Prior to the sentencing he filed a motion for extraordinary relief averring among other items a reiteration of his 600(G) motion.

## CONCLUSIONS OF LAW

\*    \*    \*    \*    \*    \*

3. This Court finds that due diligence was not exercised as the Assistant District Attorney at the May 5, 2004 trial listing failed to advise the Court that the date given of July 12, 2004, was 47 days beyond the run-date.

4. Because this Court has determined that the Commonwealth did not exercise due diligence its inquiry must end. [The Court thus dismisses all charges against the defendant pursuant to Rule 600(G)].

Trial Court Order dated 9/22/04 at 1–2.

¶ 9 This record yields that the Commonwealth was ready to proceed at all times during the pendency of this case, with no continuance or stay attributed to the Commonwealth, and had secured a trial date within the 365 day mechanical run date. But for co-defendant's multiple need to continue proceedings, trial would have commenced within Appellee's run-date. Under settled jurisprudence discussed above, we hold that the Commonwealth

thus exercised the diligence due Appellee in bringing his case to trial.

¶ 10 The trial court based its contrary due diligence holding on both the Commonwealth's unwillingness to sever the case and the Commonwealth's failure to notify the court that it rescheduled trial to a date beyond Appellee's mechanical run date. As noted above, severance is not required of the Commonwealth when it faces a possible Rule 600 violation, and the trial court should not have factored the refusal to sever in its Rule 600 analysis. *See Kearse, supra.* Nor has our jurisprudence made notifying the court of an imminent run-date violation a necessary condition to due diligence. In *Hill, supra,* the Pennsylvania Supreme Court did factor court notification favorably in the due diligence analysis, but it did not make the issue of notification dispositive. Indeed, the Commonwealth's faultless record of attendance and preparedness throughout all pretrial proceedings was foremost in the Court's analysis.

¶ 11 We conclude, therefore, that the Commonwealth may not be charged with failure to exercise due diligence where its own record of attendance and preparedness throughout the pendency of this case was never faulted. Where, as here, the Commonwealth has exercised reasonable effort throughout the pretrial phase to bring a case to a timely trial, it need not also be responsible to announce for the record that repeated delay by a co-defendant has taken the case right up to and now beyond defendant's run date,[1] for the safeguarding of Rule 600 interests already occurred through the Commonwealth's attentive readiness for all proceedings.

---

1. While it would be sound practice for the Commonwealth to alert the trial court to the mechanical run date where, as here, the co-defendant's action caused a trial date to be set beyond the run date, we decline to make new law to that effect. We note that the mechanical run date in this case was on the continuance/quarterly session report for the December 22, 2003 listing, and thus was known to all parties and to the trial court.

¶ 12 For the foregoing reasons, we conclude that the trial court abused its discretion in granting Appellee's Rule 600(G) motion to dismiss brought within his Motion for Extraordinary Relief. Accordingly, we reverse the order of the trial court and remand for further proceedings.

¶ 13 Order reversed. Case remanded. Jurisdiction relinquished.