J-S10025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ETHAN WILLIAM ENTZ | : | No. 888 MDA 2019 |

Appeal from the Order Entered April 30, 2019,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s):  CP-41-CR-0000154-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 12, 2020**

The Commonwealth of Pennsylvania appeals from the order granting the motion filed by Ethan William Entz pursuant to Pennsylvania Rule of Criminal Procedure 600[1] to dismiss the criminal charges filed against him.  We affirm.

The relevant factual and procedural history is as follows.  In September 2017, Entz was involved in a multi-vehicle collision which caused injuries to several individuals.  On December 15, 2017, the Commonwealth filed a criminal complaint against Entz charging him with aggravated assault by vehicle while driving under the influence,[2] and related drug and traffic

_____

[1] Rule 600(A)(2)(a) provides that trial "in a court case in which a written complaint is filed against a defendant shall commence within 365 days from the date on which the complaint is filed.

[2] 75 Pa.C.S.A. § 3735.1(a).

offenses. Entz's preliminary hearing was initially scheduled for December 20, 2017; however, it was continued until January 24, 2018, at which time Entz was held for court on all charges. Entz waived his arraignment, and requested that his case be placed on the pretrial list.

After a pretrial motion on May 8, 2018, the court placed Entz's case on the trial list, with the call of the list scheduled for May 22, 2018. However, Entz's case was not called during the May 2018 trial term. Although Entz's case remained on the trial list throughout the remaining trial terms in 2018, and through the January and March trial terms in 2019, it was not called for trial.

On January 24, 2019, Entz filed a motion to dismiss pursuant to Rule 600 on the basis that more than 365 days had passed since the filing of the criminal complaint, and the Commonwealth had failed to exercise due diligence in bringing his case to trial within that time period. On March 21, 2019, the trial court conducted a hearing on the motion. The trial court provided the following description of the Rule 600 hearing and the post-hearing briefs submitted by the parties.

> The Commonwealth . . . called Eileen Dgien, the Deputy Court Administrator, as a witness. Ms. Dgien testified that she had been the Deputy Court Administrator for 17 years and her duties included scheduling criminal trials and processing the criminal pretrial list. This case was listed as a two day trial. There were no two[-]day trials with a later Rule 600 date that were called for trial during any of the trial terms from May 2018 through March 2019.

> When asked if the Commonwealth had requested any continuances, Ms. Dgien responded that she did not have the

- 2 -

docket. The only indication she had from the District Attorney's Office would have been unavailability during the trial term. Ms. Dgien did not believe the defense had requested any continuances.

Each term there were four days for jury selection, which began with the call of the list date for each term. Ms. Dgien testified regarding the pretrial dates and the information the parties provided regarding their unavailability, as well as the call of the list dates and the dates of each trial term.

This case was first listed on the May 8, 2018 pretrial list. The call of the list was May 22, 2018 and the trial term was from June 4, 2018 through July 20, 2018. During this June/July trial term, the District Attorney's office was unavailable June 7-17 and on July 16. The defense was unavailable on June 12, 13, 18-20, 25, and 29, as well as July 11 and 19.

The next pretrial date was July 16, 2018. The call of the list was July 31, 2018 and the trial term was August 6, 2018 through September 14, 2018. The District Attorney's office was unavailable on August 7, 8, 20, and 22, as well as September 10 through September 14. The defense was unavailable August 6, 7, 13, 15, 17, 22, 24, 28, 29 and 31. There was a one-half day nonjury trial with a later Rule 600 date that was tried during this term.

The next pretrial date was September 11, 2018 and the call of the list was September 25, 2018. The trial term was October 8, 2018 through November 16, 2018. The District Attorney's office was unavailable October 8-12, October 16-19, October 22, October 24-November 7, and November 14-16. The defense was unavailable October 8-12, 15, 17, 19, and 30-31, as well as November 8.

The January 15, 2019 call of the list was for the January 28 through March 8, 2019 trial term. The District Attorney's office was unavailable February 6-12 and February 28 -March 1. The defense was unavailable January 30 and 31, February 5 and 19, and March 1 and 5.

The next pretrial date was February 19, 2019 and the call of the list was March 12, 2019. The trial term was March 18, 2019 through April 18, 2019. The District Attorney's office was unavailable March 20-22, March 29, April 3-5, April 9 and April 18. The defense was unavailable March 21-22, March 26, April 1-2,

- 3 -

April 5, April 9-10, and April 15-16. There were two cases with later tentative Rule 600 dates that were called to trial during this term. Those trials were each scheduled for one day, but those two days were not consecutive; therefore, this case could not have fit in that slot.

When asked what constitutes unavailability for the Commonwealth, Ms. Dgien indicated that she did not know. [T]he trial clerk in the District Attorney's office, simply indicated that those were the dates the Commonwealth was unavailable. Ms. Dgien didn't receive or require a list of who was unavailable or why they were unavailable.

At the end of the hearing, the Commonwealth requested a briefing schedule. The court ordered the Commonwealth to file a brief in opposition to [Entz's] motion based on the facts adduced at the hearing no later than March 29, 2019 and [Entz's] supporting brief was due no later than April 8, 2019.

The Commonwealth filed a brief on March 29, 2019, but it included many facts that were not adduced at the hearing in this matter. The brief included information regarding a defense continuance of the preliminary hearing from December 20, 2017 to January 24 2018; the number of cases with earlier tentative Rule 600 dates than this case at each call of the list; and an assertion that, at the pretrial conference after the filing of [Entz's] motion to dismiss, the assistant district attorney verbally requested that the case be scheduled as soon as possible. The brief also referenced exhibits regarding the calls of the list and notations of unavailability. These exhibits, however, were not introduced into evidence at the hearing. Furthermore, despite the representations in the brief, the exhibits were not attached to the brief that was filed with the clerk of courts or the copy that was provided to the court.

Trial Court Opinion, 4/30/19, at 2-5 (paragraph formatting altered).

On April 30, 2019, the trial court entered an order granting Entz's motion to dismiss. The Commonwealth filed a motion for reconsideration, which the trial court denied. The Commonwealth filed a timely notice of

- 4 -

appeal, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issues for our review:

I.      Did the trial court err in granting [Entz's] Rule 600 dismissal motion?

II.     Did the trial court err in concluding that the Commonwealth had not exercised due diligence in complying with [Rule] 600?

III.    Did the trial court err in its denial of the Commonwealth's motion for reconsideration, including its denial of the Commonwealth's request to reopen the record?

Commonwealth's Brief at 4 (some capitalization omitted).

Our scope and standard of review on this issue are as follows.

Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion.  Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court.  We must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Robbins*, 900 A.2d 413, 415 (Pa. Super. 2006) (citation omitted).  Importantly, "[a]n abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will."  *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015)

Additionally, when considering the trial court's ruling:

[T]his Court is not permitted to ignore the dual purpose behind Rule [600].  Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights,

- 5 -

and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Hunt*, 858 A.2d 1234, 1239 (Pa. Super. 2004) (*en banc*)

(citation omitted, brackets in original).

Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable time and excusable delay. "Excludable time" is classified as periods of delay caused by the defendant. "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

*Commonwealth v. Moore*, 214 A.3d 244, 248-49 (Pa. Super. 2019)

(citations omitted).

Where, as here, once "a violation of Rule 600 has been established . . .

the inquiry becomes whether the Commonwealth exercised due diligence in

bringing [a defendant] to trial and if the circumstances occasioning the

postponement were beyond the control of the Commonwealth."

- 6 -

*Commonwealth v. Kearse*, 890 A.2d 388, 392 (Pa. Super. 2005). "The Commonwealth . . . has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence." *Commonwealth v. Cole*, 167 A.3d 49, 71 (Pa. Super. 2017) (citation and quotation marks omitted).

In the instant matter, the Commonwealth's first two appellate issues state the same claim, *i.e.*, that the trial court erred in granting Entz's motion to dismiss on the basis that the Commonwealth failed to meet its burden of proving that it acted with due diligence. Thus, we will analyze them together. The Commonwealth makes several arguments in this regard. Initially, the Commonwealth argues that the preliminary hearing was continued from December 20, 2017, to January 24, 2018, at Entz's request. On this basis, the Commonwealth contends that this thirty-four-day time period was excludable from the Rule 600 computation, and that the mechanical run date should have been adjusted to January 19, 2019.[3]

The Commonwealth concedes that, at the March 21, 2019 hearing on the motion to dismiss, it failed to present the trial court with evidence establishing which party requested the continuance. The Commonwealth further concedes that, in a post-hearing letter brief filed on March 29, 2019,

---

[3] The trial court points out that, even if the Commonwealth established at the hearing that Entz requested the continuance of the preliminary hearing and the trial court had adjusted the run date to January 19, 2019, a Rule 600 violation nevertheless occurred because trial was not commenced within this period. *See* Trial Court Opinion, 4/30/19, at 7.

- 7 -

it did not present the trial court with any documentation demonstrating that Entz requested the continuance. Notwithstanding these omissions, the Commonwealth argues that, because it informed the trial court in a post-hearing brief that Entz requested the continuance, the trial court should have taken judicial notice of the magisterial court docket, which indicates that Entz requested the continuance. The Commonwealth contends that the trial court's failure to take judicial notice of this information, or to open the record to permit the Commonwealth to present this information, was an abuse of discretion.

The Commonwealth also argues that the trial court failed to consider periods of excusable delay which should have extended the mechanical run date. The Commonwealth points out that, whereas in some counties the district attorney controls the criminal trial docket, in Lycoming County the court administrator schedules the trials. The Commonwealth asserts that Ms. Dgien's testimony established that Entz's case was on the trial list from May 2018, through March 2019, and that it was not scheduled for trial by court administration at any time during this period. According to the Commonwealth, there was no evidence that the Commonwealth requested any continuances, or that it was not prepared for trial. Additionally, it asserts that Ms. Dgien's testimony established that Entz's case was scheduled for a two-day trial, and the only criminal case with a Rule 600 mechanical run date

later than Entz's and that was called to trial within this time period was a half-day, non-jury trial.

The Commonwealth argues that Ms. Dgien's testimony demonstrated that Entz's trial was delayed for judicial scheduling reasons outside of the Commonwealth's control such that the delay was excusable. The Commonwealth further argues that, although it produced no documentation at the Rule 600 hearing, the trial court should have taken judicial notice of the court administrator's criminal docket at each of the relevant calls of the list. On this basis, the Commonwealth contends that the trial court abused its discretion in ruling that it failed to prove its due diligence in bringing the case to trial.

Next, the Commonwealth contends that there is no basis for the trial court's conclusion that, had the Commonwealth been independently keeping track of and adjusting the Rule 600 calculation, it would have presented evidence at the hearing that Entz requested the continuance of the preliminary hearing. The Commonwealth additionally challenges the trial court's conclusion that the Commonwealth's failure to inform Ms. Dgien that the run date on her list was incorrect constituted evidence that the Commonwealth was not tracking the Rule 600 deadline in the instant matter. The Commonwealth asserts that, by not informing court administration that there was a period of excludable delay due to Entz's request for a continuance, the

case remained at a higher priority than it would have if the mechanical run date had been adjusted.

The Commonwealth argues that the trial court also erred in faulting the Commonwealth for not making a specific request that the case be scheduled for trial. According to the Commonwealth, the fact that the case remained on the trial list from May 2018 through March 2019, represented the Commonwealth's desire to take the case to trial. The Commonwealth also argues that, had it made a specific request to court administration to schedule Entz's case for trial, it would have displaced older criminal cases on the trial list with a higher priority due to earlier run dates.

Finally, the Commonwealth challenges the trial court's determination that it failed to establish due diligence because it did not provide evidence as to why its witnesses were unavailable on certain days during the trial term. The Commonwealth argues that there is no evidence that the instant case would have been scheduled for trial sooner if either party had fewer dates of unavailability. It further argues that there is no evidence that the unavailability of any witness was caused by the Commonwealth, or that the unavailability of any witness interfered with the scheduling of the case within 365 days of the filing of the criminal complaint.

The trial court considered the Commonwealth's first two issues and concluded that they lack merit. It reasoned as follows:

> The criminal complaint in this case was filed on December 15, 2017. Therefore, the mechanical run date was December 15,

> 2018. The Commonwealth asserts that this date should be adjusted to January 19, 2019 due to the defense continuance of the preliminary hearing from December 20, 2017 to January 24, 2018. While the Commonwealth offers this argument in its brief, it did not present any evidence to support this assertion at the hearing on this matter. . . . Although exhibits were referenced in the Commonwealth's [post-hearing] brief, none were attached to the . . . brief filed with the clerk of court or the copy of the brief provided to the court. Moreover, matters attached to or contained in briefs are not evidence and cannot be considered part of the record.

Trial Court Opinion, 4/30/19, at 6-7 (some paragraph formatting altered, internal citation and quotation marks omitted).

We discern no abuse of discretion by the trial court in granting Entz's motion to dismiss pursuant to Rule 600. As more than 365 days had passed since the filing of the criminal complaint, the Commonwealth bore the burden of proving by a preponderance of the evidence that the mechanical run date should be adjusted by excludable or excusable time to a date within the time period provided by Rule 600. *See Cole*, 167 A.3d at 71. Therefore, it was incumbent upon the Commonwealth to meet this burden at the Rule 600 hearing by presenting evidence of periods of delay caused by Entz and/or delays caused by circumstances beyond the Commonwealth's control and despite its due diligence. *Moore*, 214 A.3d at 248-49

The Commonwealth failed to meet this burden. At the Rule 600 hearing, it presented no evidence that Entz requested any continuance or caused any delay. Indeed, the only evidence the Commonwealth presented regarding excludable delay was the testimony of Ms. Dgien, who stated that she did not

believe that the defense had requested any continuances. **See** N.T. Rule 600 Hearing, 3/21/19, at 10.

Regarding excusable delays, the Commonwealth is required to establish its due diligence by showing that a reasonable effort has been put forth, including , *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. **See Moore**, 214 A.3d at 248-49. While Ms. Dgien's testimony established that the case was listed for trial long before the mechanical run date, the Commonwealth presented no evidence at the Rule 600 hearing regarding its preparedness for trial or that it had kept adequate records to ensure compliance with Rule 600.

While we acknowledge that our Supreme Court has ruled that judicial delay could be grounds to exclude time where "a trial-ready prosecutor must wait several months due to a court calendar," **see Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017), the Commonwealth presented no evidence at the Rule 600 hearing that it was prepared for trial. Indeed, when Ms. Dgien was asked whether the Commonwealth had "requested a continuance at any point or represented that it was not prepared to go to trial," Ms. Dgien was unable to provide a response to that question, and stated "I don't have the

docket." N.T. Rule 600 Hearing, 3/21/19, at 8.[4] Further, the Commonwealth's failure to present testimony or documentation at the Rule 600 hearing regarding excludable or excusable time, and the absence in Ms. Dgien's file of any notification from the Commonwealth that Entz had requested a continuance, supports the trial court's finding that the Commonwealth had not kept adequate records to ensure compliance with Rule 600. *See* Trial Court Opinion, 4/30/19, at 8.

Although the trial court permitted the parties to submit briefs after the Rule 600 hearing, the court limited the scope of the briefing to the evidence presented at the hearing. *See id*. at 4. Ignoring this limitation, the Commonwealth argued in its post-hearing brief that Entz had requested that the preliminary hearing be continued, and referenced documentation supporting this argument.[5] Yet, as the trial court determined, such an argument was beyond the permissible scope of the briefing because no

_____

[4] Notably, in its motion for reconsideration, the Commonwealth sought to reopen the record in order to present the testimony of the District Attorney and its trial clerk. *See* Motion for Reconsideration, 5/16/19, at unnumbered 2 n.2. Yet, the Commonwealth provides no meaningful explanation as to why it did not present their testimony at the Rule 600 hearing.

[5] The Commonwealth concedes that no documentation supporting this argument was attached to its post-hearing brief. However, as the trial court aptly noted, even if any such documentation had been attached, it would not constitute evidence. *See* Trial Court Opinion, 4/30/19, at 6-7.

evidence supporting this argument was presented at the hearing. *See id*. at 6.[6]

Importantly, our scope of review in this appeal is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. *See Robbins*, 900 A.2d at 415. Further, we must view the facts in the light most favorable to Entz, as the prevailing party. *Id*. Given the limited hearing record,[7] we conclude that the evidence when viewed in the light most favorable to Entz supports the trial court's finding that the Commonwealth failed to meet its burden of proving that it acted with due diligence in bringing Entz's case to trial within 365 days of the filing of the complaint. The Commonwealth failed to present evidence of any delay caused by Entz, and failed to establish that it acted with due diligence. Accordingly, the Commonwealth's first two issues merit no relief.

In its final issue, the Commonwealth contends that the trial court erred in denying its motion for reconsideration and its request to reopen the evidentiary record. The Commonwealth asserts that it was "blindsided by the trial court's conclusion that there was no evidence the Commonwealth was

---

[6] Notably, the Commonwealth did not request that the trial court take judicial notice of any information at the Rule 600 hearing. Rather, it made such requests in its post-hearing letter brief and motion for reconsideration, and in those filings failed to provide the trial court with the documents for which it sought judicial notice.

[7] The hearing transcript is a scant fourteen pages long, and consists solely of the brief testimony of Ms. Dgien.

ready for trial . . .." Commonwealth Brief at 32. While the Commonwealth acknowledges that our appellate review is limited to the Rule 600 hearing record, and that the trial court deemed that record to be deficient, the Commonwealth asserts that "reopening the record to allow any reviewing court full awareness of the pertinent facts would have been particularly appropriate . . .." *Id*. The Commonwealth argues that "the trial court's refusal to reopen the record to allow the Commonwealth to swiftly correct these potential misunderstandings, and its decision to instead dismiss the charges, was an abuse of discretion." *Id*. at 32-33.

We cannot agree with the Commonwealth's position. In our view, the Commonwealth was ill-prepared for the Rule 600 hearing, and consequently failed to meet its burden of proof. Even in its post-hearing brief and motion for reconsideration, the Commonwealth did not attach the documentation that it sought to supplement the record. That the trial court chose not to grant reconsideration or reopen the record was within its sound discretion. **See Robbins**, 900 A.2d at 415. As the Commonwealth has not demonstrated that the trial's ruling was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, we conclude that the Commonwealth's final issue warrants no relief. **See Woodard**, 129 A.3d at 494.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/12/2020