J-S20029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN R. ZACCONE | : | |
| | : | |
| Appellant | : | No. 1302 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 28, 2021
In the Court of Common Pleas of Washington County
Criminal Division at CP-63-CR-0000529-2021

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 20, 2022**

John R. Zaccone (Appellant) appeals from the judgment of sentence entered following his conviction of four counts of driving under the influence of alcohol or controlled substance, and one count each of careless driving and maximum speed limits.[1]   After careful review, we affirm.

The trial court set forth the stipulated facts as follows:

Trooper Schooley of the Pennsylvania State Police conducted a traffic stop because [Appellant] was driving at an excessive speed of 65 MPH in a 45 MPH active construction zone on Route 70 eastbound on November 11, 2019 at approximately 11:40 a.m. During the traffic stop, the Trooper noticed [Appellant's] eyes were bloodshot and his pupils were very constricted.  The Trooper conducted various field sobriety tests which indicated [Appellant] was impaired.   Blood testing revealed the following substances present in [Appellant's] system at the time of the traffic stop: Clonazepam, Amino Clonazepam, Methadone, EEDP (a Methadone metabolite), Delta 9 THC, and Delta 9 Carboxy THC (the Delta 9

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i)-(iii), 3802(d)(2), 3714(a), 3362(a)(3).

THC metabolite).  After receiving the test results, the Trooper filed [the aforementioned charges] against [Appellant.]

Trial Court Opinion, 8/25/21, at 1-2.

[T]he Commonwealth filed a criminal complaint at the above docket number against [Appellant] on November 9, 2020, for alleged criminal activity that occurred on November 11, 2019.  … The affiant, Pennsylvania State Trooper Jonnie Schooley, originally filed these charges against [Appellant] on January 21, 2020.  The first preliminary hearing was scheduled on April 17, 2020, but was continued by the [c]ourt *sua sponte* due to the Covid-19 pandemic.  At the rescheduled preliminary hearing on June 5, 2020, [Appellant] requested a continuance to secure counsel.  At the third scheduled preliminary hearing on July 24, 2020, the affiant did not appear.  Consequently, the Magisterial District Judge (MDJ) dismissed the charges against [Appellant]. The affiant requested permission to refile the charges, and permission was granted.  The affiant refiled the charges on November 9, 2020, as aforementioned, and the preliminary hearing took place on March 12, 2021.

Defense counsel filed a Motion to Suppress for Violation of [Pa.R.Crim.P.] 600 on March 20, 2021.  Appellant claimed the mechanical run date for the charges against Appellant should be January 21, 2020, not November 9, 2020[.]

Trial Court Order, 6/1/21, at 1-2.  Following a hearing, the trial court denied Appellant's Rule 600 motion.  ***Id.*** at 4.

The case proceeded to trial, after which the trial court convicted Appellant of all charges.  On October 28, 2021, the trial court imposed an aggregate sentence of six months' probation, with 10 days to be served on electronic home monitoring.  The court also imposed fines and costs. Appellant timely filed a notice of appeal.  Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

- 2 -

Did the trial court err in denying Appellant's Motion to Suppress for Violation of Rule 600?

Appellant's Brief at 6 (some capitalization omitted).

Appellant's sole claim is that the trial court set the wrong mechanical run date for calculating the Commonwealth's compliance with Pa.R.Crim.P. 600. *Id.* at 16. Specifically, Appellant asserts the trial court erred in setting November 9, 2020, the day on which the Commonwealth refiled its complaint against Appellant, as the mechanical run date for Rule 600 purposes. *Id.* According to Appellant, the MDJ dismissed the Commonwealth's first complaint based on Trooper Schooley's failure to appear for the July 24, 2020, preliminary hearing. *Id.* at 27. Although Trooper Schooley recalled receiving notices to attend other matters during the relevant time frame, he did not recall receiving notice of the July 24, 2020, hearing. *Id.* at 28. Trooper Schooley refiled the second complaint on November 9, 2020. *Id.*

Appellant states the delays "were solely located on the side of the Commonwealth due to the reassignment of the officer to two different out of town barracks during the pendency of the case." *Id.* at 29. Appellant argues the overall delay is chargeable to the Commonwealth because the Pennsylvania State Police assign troopers while cases are pending. *Id.* Appellant asserts our Supreme Court's reasoning in *Commonwealth v. Meadius*, 870 A.2d 802 (Pa. 2005), compels the dismissal of the charges against him. Appellant's Brief at 27. According to Appellant:

> The failure of the Commonwealth to inform and ensure the attendance of the officer at any of the scheduled preliminary hearings on the first filing are eerily similar to the Commonwealth's failure to ensure the attendance of witnesses and prosecuting attorneys in **Meadius**.

*Id.* at 29. Appellant further argues the lack of "malicious intent" by the Commonwealth does not excuse its failure to exercise due diligence. Appellant's Brief at 32, 34.

Appellant also challenges the suspension of Rule 600 during the COVID-19 emergency. *Id.* at 34. According to Appellant, the Supreme Court's Emergency Order recognized that nothing in the order

> shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions – albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis.

*Id.* at 38 (quoting **In Re State Emergency**, 230 A.3d 1015 (Pa. 2020) (*per curiam*)).

At the outset, we recognize:

> Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

**Commonwealth v. Robbins**, 900 A.2d 413, 415 (Pa. Super. 2006) (citation omitted).

Pennsylvania Rule of Criminal Procedure 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."

- 4 -

Pa.R.Crim.P. 600(A)(2)(a). In computing the Rule 600 deadline, however, we do not necessarily count all time following the filing of the complaint. Rather,

> periods of delay at any stage of the proceedings caused by the Commonwealth **when the Commonwealth has failed to exercise due diligence** shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1) (emphasis added). The comment to Rule 600 reads, in relevant part:

> In cases in which the Commonwealth files a criminal complaint, withdraws that complaint, and files a second complaint, the Commonwealth will be afforded the benefit of the date of the filing of the second complaint for purposes of calculating the time for trial **when the withdrawal and re-filing of charges are necessitated by factors beyond its control, the Commonwealth has exercised due diligence, and the refiling is not an attempt to circumvent the time limitation of Rule 600.**

Pa.R.Crim.P. 600 cmt. (citation omitted, emphasis added).

The Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. ***Commonwealth v. Bradford***, 46 A.3d 693, 701 (Pa. 2012). "[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Bradford***, 46 A.3d 693, 700-702 (Pa. 2012).

In ***Meadius***, the prosecuting attorney had to continue a preliminary hearing due to a continuing legal education course. ***Meadius***, 870 A.2d at

- 5 -

803. Other delays resulted from the absence of Commonwealth witnesses while they attended personal matters or for unexplained reasons. *Id.* Our Supreme Court affirmed the dismissal of charges based on Rule 600: "Here, while the prosecution did not act with evasive intent, … the Commonwealth concedes that the delays in question were all caused when its prosecuting attorney or its witnesses were absent attending to personal matters or for unexplained reasons." *Id.* at 807. When the detective telephoned witnesses to ensure their presence in court, the Supreme Court observed that they appeared as scheduled. *Id.* The Court stated:

> The Commonwealth offers no explanation as to why these phone calls could not have been made in February or March of 2001, or why the prosecution did not take other measures to secure the attendance of its witnesses on March 22, 2001, after the preliminary hearing scheduled for March 8 was continued due to the absence of witnesses.

*Id.* Consequently, the Supreme Court found no abuse of discretion by the trial court in dismissing the charges pursuant to Rule 600. *Id.* at 808.

In contrast, the Supreme Court in **Bradford** did not attribute to the Commonwealth a delay caused by the Commonwealth's reliance on an MDJ's adherence to a rule of criminal procedure. **Bradford**, 46 A.3d at 704-05. In that case, the MDJ failed to comply with Pa.R.Crim.P. 547(B), Return of Transcript and Original Papers. *Id.* at 705. Because the MDJ failed to return the documents, the case was not entered into the Commonwealth's internal case tracking system. *Id.* As a result, the defendant was held beyond Rule 600's parameters. *Id.* Our Supreme Court concluded it was reasonable for

"the district attorney to have relied upon the [MDJ's] compliance with the Rules of Criminal Procedure to trigger its internal tracking system." *Id.* at 704 (some internal capitalization omitted). Therefore, the district attorney's "reliance upon the magisterial district judge's obligation to comply with the Rules of Criminal Procedure … constitute[d] due diligence." *Id.* at 705 (some internal capitalization omitted).

Here, the trial court explained its reasoning for denying Appellant's Rule 600 motion as follows:

> [T]he first preliminary hearing could not take place because the courts were closed on the date due to the Covid-19 pandemic pursuant to the Administrative Order. At that time, the court would not let any litigant into the courthouse. The second preliminary hearing was continued at [Appellant's] request to hire counsel. Under Rule 600, these two continuances are charged to [Appellant]; the Commonwealth was unable to prosecute due to the actions of the court and the [Appellant]. As for the third preliminary hearing, the prosecutor appeared but the affiant did not. The affiant testified that he did not recall receiving a subpoena to attend.
>
> For DUI preliminary hearings, it is not the practice of the District Attorney to issue subpoenas to attend. That responsibility is given to the Court Administrator pursuant to [an] Administrative Order. The District Attorney merely provides the Court Administrator its witness list. It would appear that the Commonwealth did all it was required in order to prosecute the complaint filed on January 21, 2020. Therefore, the mechanical run date shall commence on November 9, 2020, not January 21, 2020.
>
> This case is different than the *Meadius* case. Therein the Court determined that [] although the "prosecution did not act with evasive intent, the Commonwealth concedes that the delays in question were all caused when its prosecuting attorney or its witnesses were absent attending to personal matters or for unexplained reasons. *Meadius*, 870 A.2d at 807. Among other

- 7 -

things, witnesses were not subpoenaed for the hearing (police called the witnesses by telephone), and the [prosecutor] attended a [continuing legal education class,] but there was no indication that he was unable to alter his plans. *Id.* at 807-08.

Trial Court Order, 6/1/21, at 3-4 (some citations and capitalization omitted).

We agree with and adopt the sound reasoning of the trial court.[2] *See id.*

We further conclude the trial court properly interpreted and relied on the emergency orders issued as a result of the COVID-19 pandemic. On March 18, 2020, the Pennsylvania Supreme Court declared a judicial emergency which closed the courts for most functions. *In re Gen. Statewide Judicial Emergency*, 228 A.3d 1280, 1285-87 (Pa. 2020). The Supreme Court directed:

> [T]he President Judge specifically SHALL HAVE THE AUTHORITY to suspend the operation of Rule of Criminal Procedure 600 within a judicial district. … The purport of the suspension will be that the time period of the local judicial emergency (or a shorter time period if specified) shall be excluded from the time computation under Rule of Criminal Procedure 600(C). **Nothing in this Order or its local implementation shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions**, albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis.

*Id.* (emphasis added).[3]

_____

[2] This case more closely resembles the scenario in *Bradford*, which reflected no lack of due diligence by the Commonwealth. *See Bradford*, 46 A.3d at 704-05.

[3] The statewide judicial emergency and suspension of Rule 600 was extended to and ended on June 1, 2020. *See In re General Statewide Judicial*
*(Footnote Continued Next Page)*

In accordance with the Supreme Court's order, on March 16, 2020, President Judge Katherine B. Emery declared a judicial emergency in Washington County. *In re: 27th Judicial District Declaration of Judicial Emergency*, filed March 16, 2020 (order). The President Judge pronounced: "The operation of Rule of Criminal Procedure 600 shall be suspended in the 27th Judicial District during the period of the local judicial emergency."[4] *Id.* In her May 29, 2020, order extending the judicial emergency, President Judge Emery declared: "The suspension of Rule 600(c) shall continue through August 31, 2020, due to the limited availability of jury trials, and to the extent consistent with constitutional limitations." *In re: 27th Judicial District Declaration of Judicial Emergency*, Nos. 2020-1, 24 W.M. 2020 (filed May 29, 2020) (order).

Appellant did not raise a constitutional challenge before the trial court. *See* Motion to Suppress for Violation of Rule 600, 3/30/21. Accordingly, Appellant may not raise this claim on appeal. *See* Pa.R.A.P. 302(a) (claim

---

*Emergency*, 229 A.3d 229 (Pa. 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020).

[4] The President Judge extended the judicial emergency in the 27th Judicial District through July 3, 2020. *See In Re: 27th Judicial District Declaration of Judicial Emergency*, Nos. 2020-1, 24 W.M. 2020 (filed April 23, 2020) (order); *In Re: 27th Judicial District Declaration of Judicial Emergency*, Nos. 2020-1, 24 W.M. 2020 (filed 5/29/20) (order).

cannot be raised for the first time on appeal).  As we discern no error or abuse of discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/20/2022