J-A29001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON DARWIN | : | |
| | : | |
| Appellant | : | No. 1501 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 25, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002372-2024

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED: NOVEMBER 26, 2025**

Appellant, Brandon Darwin, appeals from the November 25, 2024 judgment of sentence entered in the Allegheny County Court of Common Pleas in which the trial court found Appellant guilty of a summary traffic offense[1] and imposed a $25 fine.  Appellant challenges the denial of his motion to dismiss filed pursuant to Pa.R.Crim.P. 600 ("Rule 600").  After careful review, we vacate the judgment of sentence and remand to the trial court to discharge Appellant due to a violation of Rule 600.

The relevant facts and procedural history are as follows.  On February 19, 2023, following a traffic stop of Appellant, the Commonwealth filed a complaint ("First Complaint").  On August 2, 2023, the trial court held a preliminary hearing and at the conclusion of the hearing, the judge dismissed

_____

[1] 75 Pa.C.S. § 3301 ("Driving on Right Side of Roadway").

several counts. In response to the trial court's ruling, the Commonwealth withdrew the First Complaint.

On December 6, 2023, the Commonwealth refiled the complaint ("Second Complaint").[2] On April 4, 2024, the trial court held the preliminary hearing and held all charges for court except for Possession of a Firearm Without a License, which the Commonwealth withdrew because Appellant did have a firearms license at the time of his arrest.

On June 11, 2024, Appellant filed a motion to dismiss pursuant to Rule 600, arguing that more than 365 days had elapsed since the filing of the First Complaint and, because the Commonwealth had failed to act with due diligence, it could not benefit from the filing date of the Second Complaint.

On June 24, 2024, the trial court held a hearing on the Rule 600 motion. At the hearing, the Assistant District Attorney ("ADA") informed the court that the Commonwealth had dismissed the First Complaint because "the firearm charge was dismissed" by the magistrate judge. N.T. Hr'g, 6/24/24, at 4. The ADA told the court that the police determined that charges should be re-filed after they obtained and reviewed cell phone dump evidence. Appellant then argued that the Commonwealth had not presented any witnesses or

_____

[2] The Commonwealth charged Appellant with Possession of a Firearm with Altered Manufacturer's Number, Possession of a Firearm Without a License, Receiving Stolen Property (Firearm), Tampering with Physical Evidence, two counts of Possession of a Controlled Substance (Cocaine and Marijuana), and one count of Possession of Drug Paraphernalia. 18 Pa.C.S. §§ 6110.2, 6106(a)(1), 3925(a), 4910(1), and 35 P.S. §§ 780-113(a)(16), (a)(32), respectively. The Commonwealth also charged Appellant with five summary driving offenses.

documents and, thus, had not met its burden of proof. At the conclusion of the hearing, the trial court denied Appellant's motion.

The case proceeded to jury trial on November 21, 2024, and the jury acquitted Appellant of all charges. The trial court found Appellant guilty of one summary vehicle code violation and imposed a $25 fine.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Did the trial court abuse its discretion when it denied the [m]otion to [d]ismiss [p]ursuant to Rule 600 [] where the Commonwealth presented no evidence that it acted with due diligence in bringing [Appellant] to trial within the Rule 600 time period?" Appellant's Br. at 4.

We review the denial of a Rule 600 motion for an abuse of discretion. *See Commonwealth v. Robbins*, 900 A.2d 413, 415 (Pa. Super. 2006). Our scope of review "is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court." *Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (citation omitted). Rule 600 requires the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint. Pa.R.Crim.P. 600(A)(2)(a); *see also Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024).

The comment to Rule 600 states that where the Commonwealth has withdrawn a first complaint and then filed a second, the date of the second complaint is controlling when "[1] the withdrawal and re-filing of charges are

necessitated by factors beyond [the Commonwealth's] control, [2] the Commonwealth has exercised due diligence, and [3] the refiling is not an attempt to circumvent the time limitation of Rule 600." Pa.R.Crim.P. 600, Comment. "[I]t is the Commonwealth's burden to demonstrate due diligence by a preponderance of the evidence[.]" *Commonwealth v. Womack*, 315 A.3d 1229, 1239 (Pa. 2024).

Appellant argues that the controlling date for Rule 600 purposes is the date the Commonwealth filed the First Complaint because "[a]t the Rule 600 motion hearing, the Commonwealth presented no evidence that it acted with due diligence." Appellant's Br. at 19. The Commonwealth has admitted that "the record in the instant matter indicates that the Commonwealth presented no evidence that it had acted [with due diligence]" and, thus, "the trial court's ruling on [Appellant's] Rule 600 motion cannot stand." Commonwealth's Br. at 13.

Upon review of the record, we agree with Appellant and the Commonwealth that, because the Commonwealth failed to provide evidence to sustain its burden of proof, the trial court abused its discretion in denying the Rule 600 motion. As such, we vacate the judgment of sentence and remand this matter to the trial court to discharge Appellant.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/26/2025</u>